# FRANCIS BINZ

*v.*

# JAMES E. TYLER *et al.*

1. PLEADING—*conclusions of the pleader, which are mere surplusage, do not affect preceding material allegations.* Where the instrument sued on is set forth *in hæc verba* in the declaration, it is for the court to determine its legal effect, and that determination can not be influenced by any subsequent averment made as a matter of conclusion of the pleader, as to what its legal effect is, and such averment is mere surplusage, which can not affect the preceding material allegations in the declaration.

2. CONTRACT OF GUARANTY—*construction—recovery of installments.* A guaranty of the prompt fulfilment of all the conditions, provisions and agreements mentioned in a lease therein referred to, and that full payment shall be made of the sum or sums of money in such lease specified, by

the lessee, embraces every obligation imposed by the lease on the lessee, and guarantees that the payments provided for in the lease shall be made as the sum or sums shall become due, by the terms of the lease.

3. The lessor in a lease which provides for the payment of rent at the rate of a certain sum yearly, in monthly installments on the first day of each and every month, can recover the amount of any installment remaining unpaid, in a suit against a guarantor who has guaranteed the prompt fulfilment of all the conditions, provisions and agreements on the part of the lessee in the lease, and the full payment of the sum or sums of money therein specified, and is not bound to wait until the expiration of the lease, before suing the guarantor.

4. JUDGMENT ON DEMURRER—*as excluding defense.* Where a judgment is rendered in favor of the plaintiff on demurrer in the declaration, on default of plea the defendant is so far out of court as to be entitled to cross-examine witnesses for the purpose of reducing damages only, and it is not admissible for him to make any defense to the action.

5. In such case, the demurrer admits every material allegation, and there is nothing left to be inquired into but the amount of damages sustained by the plaintiff.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action of assumpsit, by appellees against appellant.

The first count of the declaration is as follows:

"For that whereas, the said plaintiffs heretofore, to-wit: on the 3d day of September, A. D. 1873, at the city of Chicago, to-wit: at the county of Cook aforesaid, demised and leased, by a certain indenture of lease, bearing date the day and year last aforesaid, to 'The South Chicago Turn Verein of the city of Chicago,' certain premises, with the appurtenances thereunto belonging and appertaining, for a certain term of years, to-wit: for the term of from the 3d day of September, A. D. 1873, for and during and until the 1st day of May, A. D. 1879, at a rental at the rate of $1000 per annum, until May 1st, A. D. 1874, and thereafter until the full end and termination of said lease, at the yearly rent of $2000, which said rent was to be paid on the first day of each and every month, in equal portions and installments, in

advance, a copy of which said indenture is hereunto attached, and marked exhibit 'A,' and is hereby made a part and parcel of this, the first count in this declaration, and which said indenture was, on, to-wit: the day and year last aforesaid, at the county aforesaid, duly executed by the said plaintiffs, and the said 'The South Chicago Turn Verein of the city of Chicago,' and that thereupon the said 'The South Chicago Turn Verein of the city of Chicago' went into and used, held, occupied and enjoyed said premises from thence hitherto, and is still in the occupancy of the same; and also, on, to-wit: the day and year, and at the county aforesaid, in consideration of the renting and demising of the aforesaid premises, and making and executing of the indenture of lease last aforesaid, so by the said plaintiffs made and executed, he, the said defendant, entered into and made the following agreement in writing, upon the back of said indenture of lease, and then and there, on the day and year, and at the place last aforesaid, signed, sealed and delivered the said writing to the said plaintiffs, which said writing is in the words, letters and figures following, viz:

"In consideration of one dollar to me in hand paid, the receipt whereof is hereby acknowledged, I hereby guarantee to James E. Tyler, B. W. Phillips and Jacob Weil, their heirs, executors, administrators or assigns, the full payment of the sum or sums of money specified in the within lease, and also guarantee to said Tyler, Phillips and Weil the prompt fulfillment of all the provisions, conditions and agreements therein mentioned, hereby binding myself, my heirs, executors, administrators and assigns.

(Signed)                F. BINZ.    [SEAL.]
Witness: G. HEINRICI.

"By which said writing the said defendant bound himself to pay the rent, and fulfill and perform all and every of the covenants therein in said lease contained, to be performed and fulfilled on the part and behalf of the lessees in said lease mentioned; that on, to-wit: the 1st day of November, in the

year A. D. 1874, at, to-wit: Cook county aforesaid, a large sum of money became and was due and payable to the said plaintiffs, from the said 'The South Chicago Turn Verein of the city of Chicago,' by and under the terms of the said indenture of lease to them made as aforesaid, to-wit: the sum of \$1166.66 of rent aforesaid, in said lease reserved, to be by them paid as aforesaid; that the said rent has been by the said plaintiffs demanded of the said 'The South Chicago Turn Verein of the city of Chicago,' and was by it refused the payment of the said last mentioned sum of money, and thereafter, and upon, to-wit: the day and year last aforesaid, at the county aforesaid, the said plaintiffs notified the said defendant of the non-payment of said rent by said 'The South Chicago Turn Verein of the city of Chicago,' and then and there requested and demanded payment of the said last mentioned sum of money so due to the plaintiffs as aforesaid, in pursuance and accordance with the terms and conditions of his said writing and guaranty, so by him made and executed to the said plaintiffs as aforesaid, but, to pay the said sum of money due as aforesaid, the said defendant then and there failed and refused so to do."

Following are the consolidated common counts.

The appellant demurred to the special count, and, for cause of demurrer, assigned—

*First*—That the plaintiffs have declared upon an undertaking of the defendant, as though it was an ordinary undertaking, and not a conditional one.

*Second*—That it appears, from the instrument declared on, that the action is premature.

*Third*—Also, that the declaration is, in many respects, uncertain, informal, and insufficient.

The court overruled the demurrer, and appellant electing to abide by his demurrer, by agreement of parties it was referred to the court to assess appellees' damages, and the court thereupon proceeded to assess the same at \$1166.66, upon

which judgment was given, and this appeal was prayed and perfected.

The errors assigned are:

*First*—The court erred in overruling the demurrer to the appellees' declaration.

*Second*—The verdict was contrary to the evidence.

*Third*—The plaintiffs' evidence showed that the right of action, if any existed, belonged to James Tyler alone, and not in connection with the other appellees.

Messrs. ELDRIDGE & TOURTELLOTTE, for the appellant.

Mr. JESSE HOLDOM, and Messrs. J. C. & J. J. KNICKER-BOCKER, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

It is objected that the declaration treats the instrument by which defendant's liability is charged, as an original undertaking, whereas it is collateral, and should have been so declared on. It is stated, as matter of conclusion of the pleader, that the defendant, by the writing previously set forth *in hæc verba,* "bound himself to pay the rent, and fulfill and perform all and every of the covenants therein in said lease contained," etc. But the instrument itself being before the court, its legal effect was to be determined by the court, and that determination could not be influenced by the subsequent allegation of the pleader as to its legal effect. This allegation was, therefore, surplusage only, which did not affect the preceding material allegations in the count.

It is also objected that the action was prematurely brought; that appellees could not sustain an action for the rent until the expiration of the lease, which, the declaration shows, had not occurred when the action was commenced.

This has no support in anything in the declaration. The lease therein described requires the payment of rent, at

the rate of $2000 yearly, on the first day of each and every month, in equal portions and installments, and we are aware of no principle which will prevent a recovery for any installment remaining unpaid after it is due. To hold there could be no recovery for rent until the expiration of the term, would require us to make a new contract for the parties, entirely different from the one they have made for themselves. The guaranty is as broad in its terms as is the lease. The words, "the prompt fulfillment of all the provisions, conditions and agreements therein mentioned," we think, should be held to embrace, as they literally import, every obligation imposed by the lease on the lessee. Apart from this, however, the undertaking that full payments shall be made "of the sum or sums of money specified in the within lease," can, in our opinion, be reasonably construed in no other way than that payments shall be made as the sum or sums shall become due, as provided by the terms of the lease.

When it is said, payment shall be made of a debt, in the absence of any expression to the contrary, the reasonable and, indeed, necessary implication is, that this shall be when the debt is due.

The remaining objection urged, that the verdict was contrary to the evidence, can not be considered. The judgment was on the demurrer, for default of plea. The defendant, by permitting judgment thus to be given, was so far out of court that he was entitled to cross-examine witnesses for the purpose of reducing the damages, only, and it was not admissible for him to make a defense to the action. The demurrer admitted every material allegation in the declaration, and nothing was left to be inquired into but the amount of damages sustained by the plaintiff. *Morton* v. *Bailey et al.* 1 Scam. 213; *Cook* v. *Skelton*, 20 Ill. 107.

The judgment is affirmed.

*Judgment affirmed.*