THE PRESBYTERIAN THEOLOGICAL SEMINARY OF THE NORTHWEST

*v.*

THE PEOPLE *ex rel.* W. T. Johnson, Collector.

*Filed at Ottawa November 10, 1881—Rehearing denied March Term, 1882.*

TAXATION—*what property of institutions of learning is exempt.* Land belonging to an institution of learning upon which the buildings or "institutions" are not located, and which is not shown to be "used exclusively" for the interests of the corporation, is subject to taxation, and is not exempt, under the present legislation.

APPEAL from the County Court of Cook county; the Hon. MASON B. LOOMIS, Judge, presiding.

Mr. WM. C. GOUDY, for the appellant, contended that the five acres which is taxed was real estate on which an institution of learning is located, within the meaning of the statute, and consequently exempt from taxation. The division of it from the other land does not change its character. The

exemption is of all the property of an institution of learning, and not merely of. the real estate on which the institution is located.

It is clear that if the clause, viz: "including the real estate on which the institutions are located," was not in the statute, all the property, real and personal, of this appellant, "not leased or otherwise used with a view to profit," would, beyond any question, be exempt from taxation, for the word "property," in tax exemptions, includes everything capable of ownership. *Primm* v. *Belleville*, 59 Ill. 142; *Home for Friendless* v. *Rouse*, 8 Wall. 430; *Washington University* v. *Rouse*, 8 id. 438; *Atwater* v. *Woodbridge*, 6 Conn. 223.

Where a law is plain and unambiguous, whether it be expressed in general or limited terms, the legislature should be intended to mean what they have plainly expressed, and consequently no room is left for construction. *Arrington* v. *Smith*, 28 Wis. 43; *Tynan* v. *Walker*, 35 Cal. 634; *Warfield* v. *Fox*, 53 Pa. St. 382; *Encking* v. *Simmons*, 28 Wis. 272.

Applying the principles of these cited cases to the case at bar, it is evident that there is no express limitation to limit the general ·words here used, and a limitation can not be implied. The fact that by sub-section 2 of the exemption section of the Revenue act, church property only is exempt when actually used for public worship, is no argument against this appellant's view.

Mr. Consider H. Willett, for the appellee:

The claim of appellant that "all property," meaning all real estate of any theological seminary, no matter where located in the State, is exempt from taxation, has no support in the language of the statute creating the exemption.

Let us examine this exemption, "all property described in this section, to the extent herein limited." First, "all lands donated by the United States for school purposes not sold or leased." The exemption rests upon "all lands donated by the

United States for school purposes" until sold or leased, at which time or event the exemption is destroyed. "All public school houses." "All property of institutions of learning \* \* \* not leased by such institutions or otherwise used with a view to profit." "Including the real estate on which the institutions are located," means that all real estate shall be taxed except that upon which the institution is located. Exemption is the exception, and taxation is the rule. *First Methodist Episcopal Church* v. *Chicago,* 26 Ill. 482; *People* v. *Western Seamen's Friend Society,* 87 id. 246; *Washington College* v. *Com. of Shawnee County,* 8 Kan. 344.

Where exemptions are claimed they must be clear and unequivocal, and all doubts are to be solved in favor of the State and against the exemption. The intention of the State to bind itself by an exemption must be clear, as all presumptions are against it. Cooley on Taxation, 54.

In *Academy of Fine Arts* v. *Philadelphia,* 22 Pa. St. 496, it was held that an exemption of universities, colleges, academies and school houses did not extend to an academy of fine arts, "as none can claim an exemption unless the exemption be so clearly expressed in the statute as to admit of no other construction."

In *Crawford* v. *Burrell,* 53 Pa. St. 219, it is said: "Taxation is an act of sovereignty, to be performed, so far as it conveniently can, with justice and equity to all. Exemptions, no matter how meritorious, are of grace, and must be strictly construed."

An exemption from all taxation in the charters of churches and schools will not exempt them from assessments for local improvements. Cooley on Taxation, 147.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was an application by the county collector of Cook county for judgment against lands and lots for unpaid taxes for the year 1880, and prior years. Among other lands against

which judgment was sought was a tract of land, consisting of five acres, belonging to the Presbyterian Theological Seminary of the Northwest. That institution is a corporation existing under the laws of the State of Illinois, and the object, as set forth in the preamble to the act creating the corporation, is to establish an institution for the education of young men for the Christian ministry.

Evidence introduced shows the corporation acquired the tract of land assessed, by deed dated May 1, 1863. The school buildings are situated on another tract of land owned by the corporation, which consists of twenty acres. The deed for the tract assessed contains, among other provisions, one that the buildings of the seminary should be erected on the large tract of land conveyed to it, and should be maintained for the purposes of the institution during a period of twenty-five years, and also a provision that unless the corporation observed the conditions written in the deed, the land should revert to the donors. The two tracts were obtained from different grantors by deeds bearing the same date, and are now separated by Fullerton avenue,—a street, although the width is not stated, may be understood to be of the usual width. Concerning the facts of the case there is no disagreement.

Section 3, art. 9, of the constitution, provides that property, both real and personal, used "exclusively" for certain charitable purposes enumerated, may be exempted from taxation. Accordingly the General Assembly has enacted, that among property that shall be exempt from taxation is "all property of institutions of learning, including the real estate on which the institutions are located, not leased by such institutions, or otherwise used with a view to profit." It is under this clause of the statute the objecting corporation seeks exemption from taxation. The act of the General Assembly cited must be read in connection with the section of the constitution on the same subject. It must, therefore, be understood

the legislature only intended to exempt such property of institutions of learning as "may be used exclusively" for the objects and purposes of such institutions. The buildings or "institutions" of the corporation are not located on the tract of land assessed. As we have seen, the buildings are situated on a much larger tract, separated from it by a street of the usual width. Nor can it be said the tract assessed is ."used exclusively" for the benefit of the seminary. It is fenced all around, but according to this record it does not appear to be used for any purpose. It is not even leased, so as to make it a source of income to the institution.

It is to be observed the real estate belonging to institutions of learning that shall be exempt from taxation is limited by the express terms of the statute to that upon which the "institutions are located," and it is not within the province of the courts, by construction, to declare that other property shall be exempt. The General Assembly could rightfully exempt only such property as "may be used exclusively" for the purposes of institutions of learning. It is not to be understood the act of the General Assembly on this subject is broader in its scope than the constitution itself.

As the "institutions" of the corporation defending are not located on the tract of land assessed, and as it does not appear, from anything in the record, it is "used exclusively" for the interests of an "institution of learning," it is subject to taxation as other property of the citizen, or that of a private corporation.

The judgment will be affirmed.

*Judgment affirmed.*


Mr. CHIEF JUSTICE CRAIG, Mr. JUSTICE DICKEY, and Mr. JUSTICE SHELDON, dissent.