# HITCHCOCK *v.* BUCHANAN.

*(Supreme Court of the United States—Error to the U. S. Circuit Court, Southern District of Illinois.)*

1. BILL OF EXCHANGE. The officers of a corporation drawing a bill of exchange in the name of the company are not individually responsible thereon.

2. INCONSISTENT PLEADING—DEMURRER. An allegation in a declaration inconsistent with the terms of the writing sued on and made part of the record, is not admitted by demurrer.

This was an action of assumpsit by the plaintiff as indorsee against William C. Buchanan and James C. Waugh as drawers of the following bill of exchange:

"OFFICE OF BELLEVILLE NAIL MILL Co., ⎱
BELLEVILLE, ILL., Dec. 15, 1875. ⎰

"$5,477.13.

"Four months after date, pay to the order of John Stevens, Jr., cashier, $5,477.13, value received, and charge same to account of Belleville Nail Mill Co.

"WM. C. BUCHANAN, President.

"JAMES C. WAUGH, Secretary.

"To J. H. Pieper, Treasurer, Belleville, Ill."

The declaration alleged that the defendants, on the 15th of Dec., 1875, "at the office of Belleville Nail Mill Co., Belleville, Ill., made their certain bill of exchange" (describing it), and after it had been accepted by the drawee, delivered it to the payee therein named, and he indorsed it to the plaintiff, and the bill at maturity was presented for payment, and payment refused, and the bill protested for non-payment; and the defendants, knowing that it would not be paid by the acceptor, had omitted to provide funds for its payment. A copy of the instrument above set forth, and of the acceptance and indorsement thereon, was filed with the declaration.

The defendants, after oyer craved and had, severally filed general demurrers to the declaration, which were sustained by the Circuit Court, and judgment given for the defendants, on the ground that the instrument declared on was the bill of exchange of the Belleville Nail Mill Company, and not the bill of the defendants.

GRAY, J.

The bill of exchange declared on is manifestly the draft of the Belleville Nail Mill Co., and not of the individuals by whose

hands it is subscribed. It purports to be made at the office of the company, and directs the drawers to charge the amount thereof to the account of the company, of which the signers describe themselves as president and secretary. An instrument bearing on its face all these signs of being the contract of the principal cannot be held to bind the agents personally. *Sayre* v. *Nichols*, 7 Cal., 535; *Carpenter* v. *Farnsworth*, 106 Mass., 561, and cases there cited.

The allegation in the declaration, that the defendants made "their" bill of exchange, is inconsistent with the terms of the writing sued on and made a part of the record, and is not admitted by the demurrer. *Dillon* v. *Barnard*, 21 Wall., 430; *Binz* v. *Tyler*, 79 Ill., 248.

The provision of the statute of Illinois (Ed. 1877, Title Practice, Secs. 34, 36), prohibiting defendants sued on written instruments from denying their signatures, except under plea verified by affidavit, has no application where the fact of signature is admitted by demurrer, and the only issue is one of law.

Judgment affirmed.

---

## ADVERSE—MAY BE VERIFIED BY AGENT.

An Act to amend section twenty-three hundred and twenty-six of the Revised Statutes in regard to mineral lands, and for other purposes.

*Be it enacted, etc.*, That the adverse claim required by section twenty-three hundred and twenty-six of the Revised Statutes may be verified by the oath of any duly-authorized agent or attorney-in-fact of the adverse claimant cognizant of the facts stated; and the adverse claimant, if residing or at the time being beyond the limits of the district wherein the claim is situated, may make oath to the adverse claim before the clerk of any court of record of the United States or of the State or Territory where the adverse claimant may then be, or before any notary public of such State or Territory.

SEC. 2. That applicants for mineral patents, if residing beyond the limits of the district wherein the claim is situated, may make any oath or affidavit required for proof of citizenship before the clerk of any court of record, or before any notary public, of any State or Territory. Approved April 26, 1882.