## TAXABILITY OF ATHLETIC CLUB PROPERTY.

Common Pleas Court of Hamilton County.

The Cincinnati Gymnasium & Athletic Club v. Robert E.
Edmondson, as Auditor of Hamilton County, Ohio.

Decided, November 26, 1912.

*Taxation—Construction of the Phrase "Purely Public Charity"—Prop-*
    *erty of a Gymnasium and Athletic Club Falls Within that Designa-*
    *tion, When— Use to which Property is Devoted Determines Its*
    *Character—Section 5353.*

1. The words "public charity only," as used in Section 5353 of the Gen-
   eral Code, must of necessity be given the same meaning as the words
   "purely public charity" as used in the same connection in the state
   Constitution and in the sixth paragraph of Section 2732, Revised
   Statutes..
2. Where property is used for purely public charity, the form or name or
   character of the organization controlling it is without importance
   and can in no way affect the question of its taxability.
3. The property of a gymnasium and athletic club, a corporation not for
   profit, without capital stock or salaried officers, supported by initia-
   tion fees and donations in the form of life memberships, open to
   males of a certain age and good moral character up to the capacity
   of its facilities, and devoted exclusively to the promotion of good
   health through physical culture, is property devoted to purely pub-
   lic charity and is not subject to taxation.

*Thorndyke & Capelle,* for plaintiff.
*Pogue, Campbell & Groom,* for the auditor.

Dickson, J.

The issue is—Is the property of the plaintiff, the Cincinnati
Gymnasium & Athletic Club, being two parcels of real estate,
one in the center of the city of Cincinnati, Ohio, and the other
on the outskirts thereof, taxable? The defendant auditor seeks
to compel payment of taxes on this property, heretofore on the
exempt list, because all real and personal property must be
taxed, unless exempted from taxation by the Constitution of

Ohio or its appendant, the General Assembly, and cites the Constitution, Article XII, Section 2: ·

· "Laws shall be passed taxing by a uniform rule    *    *    * all real and personal property    *    *    * but,    *    *    * houses used exclusively for public worship, institutions of purely public charity, public property used exclusively for any public purpose,    *    *    * may by general laws be exempt from taxation."

And, also, Section 2732 of the Revised Statutes, as amended by Act of May 9th, 1908, Ohio Laws, V. 99, p. 449:

"The following property shall be exempt from taxation. *    *    *
"Sixth.    All property belonging to institutions of purely public charity    *    *    * and all moneys and credits appropriated solely to sustain, and belonging exclusively to said institutions." *    *    *

The General Code, Section 5353, passed February 14, 1910, approved February 15, 1910, reads:

"Lands, houses and other buildings belonging to a county *    *    *    and property belonging to institutions of public charity only shall be exempt from taxation."

Purely public charity has been changed to public charity only. It is difficult to see why this change was made. If the new phrase be intended to have a different meaning from the old it is against the Constitution and void. The new means the same as the old—is read with it, into it, or it is void. If void the old phrase remains. We shall construe the law to be "purely public charity," the language of the Constitution.

The auditor says the property of the plaintiff is not exempt under any law and has placed it on the duplicate.

The plaintiff asks that the defendant auditor be enjoined from asserting any taxation rights against this property because it is an institution of purely public charity and its property is exempt under the act of May 9th, 1908, *supra*.

The issue, in another form is, is the plaintiff, the Cincinnati Gymnasium & Athletic Club, an institution of purely public

charity? The word institution means either the organization or its property. There is no, provision to tax the organization, hence the law must mean to tax the property. Where property is used for purely public charity the form or name or character of the organization controlling it is not important and can in no way affect its taxability.

The issue demands an interpretation of each of the three words, purely—public—charity. First in importance is: what is meant, in law, by the use of the word charity?

Charity is not strained, is unlimited, is not alone aid to the needy, is rather, broad; means love, the brotherhood of man, and embraces, includes, all which aids mankind and betters his condition. Profanely, the chief end of man is a sound mind in a sound body. The one depends upon the other—can not survive without the other. Therefore everything which tends to produce this end aids mankind, is love, brotherhood—charity.

Plaintiff does not claim to be an institution of learning—an aid to the sound mind; but rather to be an institution of physical culture, calisthenics, hygienes, including bathing, swimming—an aid to the sound body.

Institutions of learning have long been held fit for charity. In recent years culture of the body has become a part and parcel of institutions of learning—a necessary adjunct thereto, and the court does not see why there can not be then an institution of physical culture separate from one of learning and quite as fit for charity.

And second: what is meant, in law, by the use of the word public? Public does not mean free; but rather that which is open to a class or kind on equal conditions, or rather where all may go who can comply with certain necessary and reasonable requirements—restrictions.

And third: what is meant, in law, by the use of the word purely? After having defined public as not free, and charity as an aid to mankind, rich as well as poor, the word purely has little meaning, little relevancy and little significance. At all events, it means something different from exclusive, because exclusive is used in the Constitution when speaking of public wor-

ship, public property, and manifestly means something less strict.

Every charitable institution must have support—must have money either from the state, or from gifts, or from its own earnings, or from all three. An institution supported exclusively by its own earnings may be purely public charity, and its moneys and credits and its property exempt from taxation. Clearly the Constitution in its present form does not intend that an institution otherwise fit which has even a small earning capacity, or has any restriction as to membership, shall forfeit its right to be classed as an institution of purely public charity, and thus its right to exemption. If this were the law, the property of every charitable institution in Ohio would be listed for taxation.

Is the plaintiff an institution of purely public charity? It is a corporation organized not for profit. Its purpose is to maintain a gymnasium and athletic grounds where the culture of the body is taught—to obtain physical improvement. It has no capital stock. It has no salaried officers—only servants or employes. It is supported by nominal initation fees and dues and by donations in the form of life memberships. The membership is limited, but only to capacity of its property. Males above a certain age and not diseased or immoral are admitted. The membership has no pecuniary value.

A small charge is made for the use of billiard tables, but only sufficient to maintain them. Certain athletic goods are sold to members at a price only to cover the cost, and chiefly sold by the institution to insure uniformity in kind among its members. Exhibitions are held at which a charge of admission is made, but only to cover the necessary expenses. The athletic grounds are occasionally rented to encourage culture of the body in the vicinity, and the rental is only nominal to cover expenses in keep of grounds, with no view to profit.

The evidence clearly shows the institution has kept within its class as a corporation not for profit. Any charges which have been made are simply incidental and subsidiary to its use—the cultivation of the body—and never with a view to profit.

This court has held that the purpose of the institution is purely public charity and the court must hold from the evidence

that the property in question has been used for a purely public charity.  This property is neither held nor used for the purpose of profit.  If any part of this property—that is the real estate, not money or credits—were set apart to produce an income or to be held as an investment, that part would not be exempt.

Exhibitions by its members have been held in public halls to make a profit for the plaintiff.  Such exhibitions could in no way affect the property under discussion.

From the evidence the court finds that the athletic field in the outskirts of the city is used for the same purpose—cultivation of the body, but outdoors—as the down town property.

The court finds that the equities are with the plaintiff and grants the prayer of the petition.  Let an entry be made accordingly.

Some of the leading cases on the questions raised are:

*The Cleveland Library Assn.* v. *Pelton,* 36 Ohio St., 253:

Syl. ''A library association incorporated under the laws of this state whose objects and purposes are 'The diffusion of useful knowledge and the acquirement of the arts and sciences, by the establishment of a library of scientific and miscellaneous books for general circulation and a reading room, lectures and cabinets open to all persons, without distinction, upon equal terms, and the income and revenues of which are devoted exclusively to such objects and purposes is an institution of purely public charity,' within the meaning of the sixth clause of the act of March 21, 1864.  S. & S., 761.''

*Gerke, Treasurer, et al* v. *Purcell,* 25 Ohio St., 229:

Syl. 3.  ''The fact that the use of the property is free, is not a necessary element in determining whether the use is public or not.  If the use is of such a nature as concerns the public, and the right to its enjoyment is open to the public upon equal terms, the use will be public, whether compensation be exacted or not.  Whether the use is free or not, becomes material only where some other element is involved than that of its public character, as, for instance, whether the use is charitable as well as public.''

Syl. 4.  ''A charity in a legal sense, includes not only gifts for the benefit of the poor, but endowments for the advancement of

learning, or institutions for the encouragement of science and art, without any particular reference to the poor.''

Syl. 5. ''Schools established by private donations and which are carried on for the benefit of the public, and not with a view to profit are 'institutions of purely public charity' within the meaning of the provision of the Constitution which authorizes such institutions to be exempt from taxation.''

Syl. 6. ''The Constitution, in directing the levying of taxes and in authorizing exemptions from taxation, has reference to property and the uses to which it is applied; and where property is appropriated to the support of a charity which is purely public, the Legislature may exempt it from taxation without reference to the manner in which the title is held, and without regard to the form or character of the organization adopted to administer the charity.''

Page 247:

''But when private property is appropriated to the support of education for the benefit of the public without any view to profit it constitutes a charity which is purely public. When the charity is public the exclusion of all idea of private gain or profit is equivalent in effect to the force of purely as applied to public charity in the Constitution.''

*Davis, Auditor*, v. *The Cinti. Camp Meeting Assn.*, 57 Ohio St., 257:

Syl. ''Where an association organized and conducted for the purpose of a purely public charity, as a camp meeting, under the supervision and control of some church, owns real estate devoted exclusively to the same use, and thereon provides privileges for the comfort and convenience of those who may attend the meeting, the fact that it makes charges for the use of those privileges, does not subject its property, nor the privileges so provided, to taxation under the laws of this state.''

*St. Paul's Church* v. *Concord*, 75 New Hampshire, 420:

Syl. ''A house of public worship is not taxable merely because it is used sometimes for secular purposes, when not needed for the religious exercises to which it is primarily devoted, nor because it is occasionally and temporarily occupied for entertainments by parties who pay for the privilege.''

At 426:

"It is urged that the fact that the plaintiff receives pay for .the use of the audience room for entertainments brings the property within the taxable class. But that circumstance is not of controlling effect. It is the use made of the property that determines its character under the statutes. * * * While it may be true that church property leased to and permanently occupied by others for business purposes would not be exempt (*Y. M. C. A.* v. *Keene,* 70 N. H., 233; *Portsmouth Shoe Co.* v. *Portsmouth,* 74 N. H., 222), it does not follow that an occasional and temporary occupation by third parties who pay for the privilege deprives the property of its non-taxable character."

*Commonwealth* v. *Young Men's Christian Association,* 116 Ky., 711:

Syl. 2.  "A Young Men's Christian Association organized to endeavor to bring young men under moral and religious influences to aid them in selecting suitable boarding places, and securing employment, and by other means to surround them with Christian influences, and actually engaging in such work and also furnishing instruction, keeping open libraries, gymnasiums, lists of boarding houses, etc., and membership in which it not transferable, giving no property right, the membership fee being merely nominal is an institution of purely public charity within the Constitution, Section 170, exempting property of such institutions from taxation."

At page 721:

"The institutions (Y. M. C. A.) have memberships from which a nominal fee is exacted, many if not most of their privileges are restricted to their own members. But the members have no property right, or at most but a qualified and temporary one in the buildings or funds of the associations. They receive no profit or dividends. Certificates of membership are not transferable and have no money value."

Counsel on both sides have ably discussed orally and in briefs these cases, and Mr. Thorndyke, of Thorndyke & Capelle, cited the following authorities:

Constitution of Ohio, Article XII,. Section 2; 61 Ohio Laws, page 39, Section 3; 80 Ohio Laws, page 95; 91 Ohio Laws, page

393; Section 2732, Revised Statutes: Section 5353, General Code; Gerke v. Purcell, 25 Ohio St., 229; Library Assn. v. Pelton, Treas., 36 O. S., 253; Davis, Auditor, v. Camp Meeting Assn., 57 O. S., 257; The United Presbyterian Theological Seminary of Xenia, Ohio, v. Little, Treas., 2 O.C.C.(N.S.), 540; Little v. Treasurer, 72 O. S., 417; Opinions of Attorneys General of Ohio—Vol. 4, page 102, Watson; Vol. 3, page 673, Lawrence; Vol. 5, page 660, Sheets & Todd; Vol. 7, page 711, Sheets; Vol. 4, page 600, Richards; 1910-11, page 615, Denman; 1907-8, page 124, Ellis; 1910-11, Nov. 17, Denman; Vol. 3, page 813, Kohler; 1912, April 1, Hogan; German Gymnastic Assn. v. City of Louisville, 117 Ky., 958; Commonwealth v. Y. M. C. A., 116 Ky., 711; First Unitarian Society v. Hartford, 66 Conn., 368; St. Paul's Church v. Concord, 75 N. H., 420; Price v. Maxwell, 28 Pa. St., 23; Donohugh's Appeal, 86 Pa. St., 306; Missionary Society v. Receiver of Taxes, et al, — Pa. St., 456; Yale University v. New Haven, 71 Conn., 316.

Mr. Charles A. Groom, Assistant Prosecuting Attorney of Hamilton County, cited the following authorities:

Constitution of Ohio, Article XII, Section 2; Section 2732, Revised Statutes, as amended 99 O. L., 449; Section 5353, General Code; Section 5354, General Code; Watterson v. Halliday, 77 Ohio St., 150, at 176, at 170; Gerke v. Purcell, 25 Ohio St., 229; Kenyon College v. Schnelby, 12 O.C.C.(N.S.), 1 (affirmed 81 Ohio St., 514); Allen v. Russell, 39 Ohio St., 336, 337; State v. Bumgardner, 45 Ohio St., 304-308; Lee, Treas., v. Sturgis, 46 Ohio St., 153, 159; Railroad v. Supervisors, 93 U. S., 595; Am. & Eng. Encyc. of Law, 2d. Ed., V. 10, p. 444, note 2; Boys' School v. Gill, 145 Mass., 146; Matter of Civil Engineers, 19 Q. B. Div., 610; Y. M. C. A. v. Mayor of New York, 113 N. Y., 187, at 189; Stephens Institute v. Bowers, 78 N. J. L., 205, at 207; Commissioners of Ham. Co. v. J. B. Mannix, 11 Bul., 184, at 185; Theological Seminary v. People, 101 Ill., 578; Morning Star Lodge v. Hayslip, 23 O. S., 144, at 145; Am. & Eng. Encyc. of Law, 2d. Ed., Vol. 12, p. 343, and cases there cited; Y. M. C. A.

v. City of Patterson, 61 N. J. L., 420; Cincinnati College v. State, 19 Ohio, 110; Sisters of Peace v. Westervelt, 64 N. J. L., 510; Philadelphia v. Masonic Home, 160 Pa. St., 572.