The School of Domestic Arts and Science, Appellant, *vs.* P. J. Carr, County Collector, Appellee.

*Opinion filed October 28, 1926.*

1. Pleading—*when conclusion in pleading a certain provision of a tax exemption statute may be regarded as surplusage in bill.* Where a conclusion of law is stated in a bill it is mere surplusage and should not influence the court in its determination of the legal effect of the facts well pleaded and admitted by demurrer, and where a bill to enjoin collection of taxes alleges an exemption under the constitution and statutes of the State, the complainant's case on demurrer will not be confined to particular paragraphs of section 2 of the Revenue act referred to in the bill, but the case may be treated as if no reference was made in the bill to any particular paragraph of the exemption statute.

2. Taxes—*meaning of word "beneficent," in seventh paragraph of section 2 of the Revenue act, exempting property from taxation.* The word "beneficent," in the seventh paragraph of section 2 of the Revenue act, exempting property from taxation, may be construed to mean the same as charitable.

3. SAME—*exemption statutes will be strictly construed.* Anyone claiming exemption from taxation must clearly show that his property is exempt within the provisions of the constitution and statute, as all property is subject to taxation unless exempted by authorized legislation, and statutes passed for the purpose of exemption must be strictly construed.

4. SAME—*primary use of property determines its exemption from taxation.* It is the primary use to which property is put which determines whether it is exempt from taxation, the conclusion in each case depending upon the facts, and if property is devoted primarily to religious or charitable purposes an incidental use for another purpose will not destroy the exemption, but an incidental use for religious or charitable purposes where the primary use is for another purpose will not warrant exemption.

5. SAME—*what does not destroy charitable purpose of corporation.* An institution or organization does not lose its charitable character, and consequent exemption from taxation, by reason of the fact that those recipients of its benefits who are able to pay are required to do so; and where the charity is dispensed to all who need and apply for it, no private gain or profit comes to any person connected with the institution but the amounts received are applied to furthering its charitable purposes, and where inability to pay or any other obstacle is not placed in the way of those who need the kind of charity dispensed by the institution, it will be regarded as a charitable and beneficent institution.

6. SAME—*reason for exemption of charitable institutions.* The fundamental ground upon which all exemptions in favor of charitable institutions are based is the benefit conferred upon the public by them, with a consequent relief, to some extent, of the burden upon the State to care for and advance the interests of its citizens.

7. SAME—*when property of school is exempt as a charitable institution.* The personal property used exclusively in the carrying on of a school for the teaching of domestic arts and science to all young women who may apply for such instruction, without any charge except to those who may be able to pay, is exempt from taxation as being devoted to a charitable use under the seventh paragraph of section 2 of the Revenue act; and the personal property in a restaurant used in connection with said school is exempt where no profit is made by anyone connected with the school, all the income from the restaurant and from tuition of those who pay the same being expended in the upkeep of the school.

8. SAME—*property used exclusively for school purposes is exempt under first paragraph of section 2 of Revenue act.* Although the provision of the first paragraph of section 2 of the Revenue act exempting "all property of schools" from taxation is invalid as be-

ing broader than the constitutional provision, the statute is valid in so far as it exempts from taxation all property used exclusively for school purposes, as authorized by section 3 of article 9. (*People* v. *Deutsche Gemeinde,* 249 Ill. 132, distinguished.)

9. CHARITIES—*what is a charitable use.* A charity, in a legal sense, is not confined to mere almsgiving or the relief of poverty and distress but has a wider signification, embracing the improvement and promotion of the happiness of man; and a charitable use, where neither law nor public policy forbids, may be applied to almost anything that tends to promote the well-doing and well-being of social man.

APPEAL from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.

LYNDEN EVANS, and GRANVILLE W. BROWNING, for appellant.

ROBERT E. CROWE, State's Attorney, and WILLIAM H. DUVAL, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This was an amended bill for injunction filed by the appellant, the School of Domestic Arts and Science, against the county treasurer and *ex-officio* county collector of Cook county, to enjoin the collection of taxes assessed against certain personal property of the appellant for the year 1922. A demurrer was filed to the amended bill and sustained by the chancellor. A decree was thereafter entered dismissing the bill for want of equity at appellant's cost, and from that decree an appeal has been prosecuted to this court.

The facts alleged in the bill and admitted by the demurrer are, that appellant is an Illinois corporation, not for pecuniary profit, created by charter granted in 1901, and since that time has made annual schedules of its personal property to the Cook county board of assessors, but has at no time paid personal property taxes because it is and has been exempt therefrom under the constitution and statutes of Illinois. Two tax statements for the year 1922 are in-

volved herein, one for $69.66 assessed against personal property at No. 6 North Michigan avenue, (the Tower building,) in Chicago, and the other for $43.14 assessed against personal property at 350 Belden avenue, Chicago. All the property of appellant located at the places mentioned consists only of school furniture and fixtures used in teaching cooking, serving, and other branches of domestic arts and science, and of the necessary equipment for a home for such pupils of the school as live at 350 Belden avenue, and all of said property is used exclusively for school purposes. The bill also alleged that pursuant to its charter the school teaches cooking for various purposes; that it trains young women to cook for restaurants and institutions and teaches nurses and others interested in preparing and cooking food for the sick; that it teaches the scientific and nutritive values of food, as well as the purchasing of food stuffs and tests for the freshness of various kinds of food; that it teaches various methods for the more economical use of fuel, whether coal, wood, gas or electricity, and teaches young women to become waitresses and to handle meals skillfully and quietly; that it teaches sewing in all its branches, millinery, the methods of testing the strength and quality of textiles and of distinguishing shoddy from genuine materials; that it teaches the methods of proper household accounting, how to make a budget, and by example instructs as to the proper conduct of a model apartment of seven rooms, with the methods of ascertaining the cost of such an apartment, together with giving actual experience in running such an apartment; that it teaches methods of washing without destroying the strength or texture of clothing, and in general teaches whatever pertains to the management of a private home, and to the training of women in wage-earning employments connected with the feeding or clothing of a family or for the management of restaurants and institutions. The bill further alleges that appellant operates a night school on the fifth floor of the

Tower building, and that at the time of the filing of the bill herein 699 pupils were enrolled, and that up to the seating capacity of the school no woman is turned away because she has no money to pay for her tuition or for the food used in the practice of cooking; that its students for the current year number 1854; that some of the pupils at appellant's school pay as much tuition as they can afford, some are taught free and many for a nominal sum on account of their small means. The bill further alleged that a restaurant is maintained at No. 6 North Michigan avenue where meals are served to the public, and that the restaurant is maintained to provide an outlet for the food cooked and prepared by the pupils of the school, and that the school could not be successfully maintained if the products made by such pupils could not be sold; that the moneys received from the restaurant are all used in buying materials for the school and food to be used by the pupils in learning cooking by practice, for paying teachers and meeting other necessary expenses of the school; that some of the girls living at the home receive their board free and some pay board as they can afford it, but that all moneys paid for such board or derived from the restaurant are actually and exclusively used in the expenses and operation of the school; that neither appellant nor any of its officers, nor any other person, derives any profit or pecuniary benefit from the operation of the restaurant, the school or the home, and that the receipts from all sources never meet the expense of the school, and the deficit arising each year from the operation of the school and home is taken care of by contributions received from benevolent women.

The bill also refers to section 3 of article 9 of our constitution, authorizing the exemption of certain property from taxation, and further refers to the first and second paragraphs of section 2 of the Revenue act as enacted and thereafter amended by the legislature pursuant to such constitutional authority. There is inaccuracy in the bill in the

wording of paragraph 1 of section 2 as amended in 1909 and as it now exists, but that is of no material consequence.

It is argued in the brief of appellant that the exemption is claimed under the second and seventh paragraphs of section 2 of the Revenue act. (Smith's Stat. 1925, pp. 2105-2106.) Appellee's contention is that the first paragraph of section 2 of the Revenue act, pertaining to the exemption of property of schools, was held unconstitutional in *People* v. *Deutsche Gemeinde,* 249 Ill. 132; that the second paragraph of section 2 limits, exemption of school property to schools where the use is a "school and religious use," and that appellant cannot claim under the seventh paragraph of section 2 because that paragraph was not intended to include property of schools but only that of charitable organizations; and further, that if appellant is a charitable organization its property is not used exclusively for charitable purposes and not for profit. We think we are warranted in treating the case as if no reference was made in the bill to any particular paragraph of section 2 of the Revenue act. There was an allegation of exemption claimed under the constitution and statutes of Illinois. Where a conclusion of law is stated in the bill it is mere surplusage and should not influence the court in its determination of the legal effect of the facts well pleaded and admitted by demurrer. *Binz* v. *Tyler,* 79 Ill. 248; *Barnes* v. *Northern Trust Co.* 169 id. 112; *Phillips* v. *Gannon,* 246 id. 98.

The General Assembly, under article 9 of the constitution, is required to provide the necessary revenue by taxation upon property, and section 3 of that article provides, among other things, that such property as may be used exclusively for school, religious, cemetery and charitable purposes may be exempt from taxation by general law. Under authority of that section of the constitution section 2 of the Revenue act was enacted, by the seventh paragraph of which all property of institutions of public charity and all property of beneficent and charitable organizations, when

such property is actually and exclusively used for such charitable or beneficent purposes and not leased or otherwise used with a view to profit, shall be exempt from taxation. (Smith's Stat. 1925, p. 2106.) The word "beneficent," used in this paragraph, has been construed to mean the same as charitable. (*People* v. *Walters Chapter D. A. R.* 311 Ill. 304.) All property is subject to taxation unless exempted therefrom by authorized legislation, and statutes passed for the purpose of exempting property must be strictly construed. The exemption is not to be made by judicial construction, but anyone claiming such exemption must clearly show that the property is exempt within the provisions of the constitution and statute. It is the primary use to which the property is put which determines the question whether it is exempt from taxation, and the conclusion in each case depends upon the facts applicable thereto. (*People* v. *Catholic Bishop,* 311 Ill. 11.) If the property is devoted primarily to the religious or charitable purposes which exempt from taxation an incidental use for another purpose will not destroy the exemption, but an incidental use for religious or charitable purposes of property whose primary use is for another purpose will not warrant exemption. (*People* v. *Withers Home,* 312 Ill. 136.) This court approved and adopted the following legal definition of a charity in *Crerar* v. *Williams,* 145 Ill. 625 : "A charity, in a legal sense, may be more fully defined as a gift, to be applied consistently with existing laws, for the benefit of an indefinite number of persons, either by bringing their hearts under the influence of education or religion, by relieving their bodies from disease, suffering or constraint, by assisting them to establish themselves for life, or by erecting or maintaining public buildings or works or otherwise lessening the burthens of government." In *Congregational Sunday School and Publishing Society* v. *Board of Review,* 290 Ill. 108, it was said that charity, in a legal sense, is not confined to mere almsgiving or the re-

lief of poverty and distress but has a wider signification, which embraces the improvement and promotion of the happiness of man. A charitable use, where neither law nor public policy forbids, may be applied to almost anything that tends to promote the well doing and well being of social man. (*Ould* v. *Washington Hospital for Foundlings*, 95 U. S. 303.) An institution or organization does not lose its charitable character, and consequent exemption from taxation, by reason of the fact that those recipients of its benefits who are able to pay are required to do so, where no profit is made by the institution and the amounts so received are applied in furthering its charitable purposes and those benefits are refused to none on account of inability to pay therefor. The fundamental ground upon which all exemptions in favor of charitable institutions are based is the benefit conferred upon the public by them and a consequent relief, to some extent, of the burden upon the State to care for and advance the interests of its citizens. (*Congregational Sunday School and Publishing Society* v. *Board of Review, supra.*) We also held in *Sisters of St. Francis* v. *Board of Review,* 231 Ill. 317, that so long as charity was dispensed to all those who needed and applied for it, and so long as no private gain or profit came to any person connected with the institution, and so long as it did not appear that any obstacle of any character was by the corporation placed in the way of those who might need charity of the kind dispensed by the institution, such institution was a charitable and beneficent organization.

In the case at bar the school is supported by paystudents, the proceeds from the public restaurant and gifts from various people. The facts alleged and admitted are that no profit whatever is made; that a deficit exists each year and is paid by gifts from benevolent women; that every cent of revenue goes toward the operation of the school, which, so long as seating capacity remains, receives all girls or women applying, whether able to pay for such

instruction or not. It cannot be questioned that such teaching in all its several branches is a benefit to the students, makes it possible for some of them to earn a living, and indirectly benefits the public and improves the happiness of man. The premises at No. 6 North Michigan avenue comprise the entire fifth floor of the Tower building and are primarily used as a school, 699 students receiving instruction when the bill was filed. Though the restaurant is also operated upon the same premises it is used in connection with the school and as an outlet for food cooked by the students, some of whom act in the capacity of waitresses. The restaurant also furnishes practical training for some of the students studying that branch of work. No part of any of the property was used for any purpose except in connection with and for the benefit and advancement of the school. We are of opinion appellant is a charitable organization and the property here involved is actually and exclusively used for the charitable purpose for which appellant was organized and is therefore exempt from taxation under the seventh paragraph of section 2.

It is true that in *People v. Deutsche Gemeinde, supra,* this court stated that the provision of paragraph 1 of section 2 of the Revenue act of 1909 (Smith's Stat. 1925, p. 2105,) exempting from taxation "all property of schools, including the real estate on which the schools are located, not leased by such schools or otherwise used with a view to profit," was beyond the power of the legislature and unconstitutional. The reason for that statement was that the constitutional provision (art. 9, sec. 3,) authorizes the exemption of only such property by general law as may be used "exclusively  *  *  *  for school, religious, cemetery and charitable purposes." Where the property is used exclusively for school purposes this court has considered the exemption statute pertaining to schools in connection with the constitutional provision thereon and has regarded the statute as valid. (*Presbyterian Theological Seminary* v.

*People,* 101 Ill. 578; *Monticello Female Seminary* v. *People,* 106 id. 398; *People* v. *St. Francis Xavier Female Academy,* 233 id. 26; *Monticello Seminary* v. *Board of Review,* 249 id. 481.) The facts presented in this record show the property was used exclusively for school purposes and should be held exempt from taxation under the first paragraph of section 2 of the Revenue act.

The decree of the superior court will be reversed and the cause remanded to that court for further proceedings in harmony with the views expressed in this opinion.

*Reversed and remanded.*