THE PEOPLE *ex rel.* MYRON REDFERN, COUNTY TREASURER, Plaintiff-Appellee, *v.* HOPEWELL FARMS, Defendant-Appellant.

(No. 71-186;

Fifth District—December 19, 1972.

G. William Richards, of Aurora, for appellant.

A. Paul Rosche, Jr., State's Attorney, of Hillsboro, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

The question presented in this appeal is whether the defendant-appellant, an Illinois not for profit corporation, was an agricultural or horti-

cultural society using its real and personal property exclusively for charitable or beneficial purposes, and not for pecuniary profit, within the purview of art. IX, sec. 3 of the Illinois Constitution of 1870, and ch. 120, sec. 500.10, Ill. Rev. Stat. 1969. In a hearing upon the application of the County Collector of Montgomery County for judgment and order for sale upon unpaid and delinquent taxes for the year 1969, and the objections thereto by defendant-appellant, the circuit court determined that defendant-appellant was not such an exempt society and rendered judgment in favor of the collector. It is from this judgment that the appeal is taken. We affirm.

■■ Defendant claims that its real and personal property is exempt under the constitution and statute above cited because its property is exclusively devoted to experimental farming and research in "nitrogen soil conditioning." Art. IX, sec. 3 of the Illinois Constitution provides: "The property of the state, counties, and other municipal corporations, both real and personal, and such other property as may be used exclusively for agricultural and horticultural societies, for school, religious, cemetery, and charitable purposes, may be exempted from taxation; but such exemptions shall be only by general law * * *." The implementing statute, sec. 19.10 of the Revenue Act (Ill. Rev. Stat. 1969, ch. 120, sec. 500.10), provides: "All property which may be used exclusively by societies for agricultural, horticultural, mechanical or philosophical purposes, and not for pecuniary profit." Thus, in order to qualify for the exemption in this case the defendant-appellant must establish that it is a society devoting its property exclusively to agricultural or horticultural pursuits of a charitable nature, and is not for pecuniary profit. The burden of proof lies upon the defendant as the party seeking to qualify its property for the exemption. *Skil Corp. v. Korzen*, 32 Ill.2d 249, 204 N.E.2d 738.

■■ Charity, in a legal sense, is not confined to mere almsgiving or the relief of poverty and distress but has a wider signification, which embraces the improvement and promotion of the happiness of man. A charitable use, where neither law nor public policy forbids, may be applied to almost anything that tends to promote the well doing and well being of social man. The fundamental ground upon which all exemptions in favor of charitable institutions are based is the benefit conferred upon the public by them and a consequent relief, to some extent, of the burden upon the State to care for and advance the interests of its citizens. *School of Domestic Arts v. Carr*, 322 Ill. 562, 153 N.E. 669; *Congregational Sunday School and Publishing Society v. Board of Review*, 290 Ill. 108, 125 N.E. 7.

At the hearing the only witness was the president of the corporation

who testified to the research and experimental activities of the defendant. He stated that he was a "consultant on nitrogen problems with the Center for the Biology of Natural Systems which is a work of Barry Commoner." Neither Barry Commoner nor any other representative or associate of the "Center for the Biology of Natural Systems" was present to testify. The witness said nothing regarding his educational or technical qualifications or his experience in his stated area of interest. He referred to no treatises he had authored, gave no description of laboratory or research equipment involved and made no reference to techniques or processes that were being followed. Although the charter and by-laws of the corporation define its authority and purpose and regulate its activity, they were not offered into evidence. It was the president's further testimony that the "society" engaged in the research and experimentation consisted of himself, his wife and sons. One of his sons operated one of the farms. When asked what this son's training was he answered that he had spent all his life on the farm and studied biology and general accounting. Whether this son had any degree was not stated. Another son was a mechanical engineer employed by the Morton Salt Company in Ohio.

In addition to the testimony the objector presented a statement of purpose with regard to its research and two "experimental research reports." It is a fair characterization of the "research reports" to say that they show that surface water runoff from fields treated with nitrogen contained more nitrate concentration than did surface water runoff from nontreated fields, and that not all of the nitrogen spread on the fields was taken up by the crop. The information contained in the reports adds nothing to the already established knowledge in the area of legitimate agriculture research and the reports appear to possess only a superficial scientific value and are probably useless. These reports are accompanied by a loftily worded statement of purpose (which the State in its brief termed "gobbledygook") and it adds nothing in support of defendant's case.

The total income from the farms for the year 1969 was over $50,000. The corporate president testified that the farm operated at a loss for the year but he either failed or refused to account for over $26,000 of expenditures. The $26,000 was the unexplained portion of an item of $41,000 listed in a brief financial report as "operating and research expenses." The president of defendant testified that he was entitled to $2,500 *per annum* for management for "my corporation" but because of the loss in 1969 there was no money with which to pay. He did not disclose whether any of the $26,000 was used to pay himself for his own farm labor or farm management activities. It was conceded that the

corporation was not exempt from federal income tax and defendant refused to present a copy of its federal income tax return.

■■ The defendant relies upon the case of *People ex rel. Hellyer, County Collector v. Morton*, 373 Ill. 72, 25 N.E.2d 504, as authority to establish its entitlement to the exemption it seeks. But we must disagree for there is a great disparity in the facts presented in the *Morton* case and those under consideration here. We view the testimony of the corporate president regarding the experimental and scientific research activities to which the corporate property is ostensibly devoted to be extremely vague, generalized and indefinite. There was a notable lack of specificity and the situation was in nowise aided by the exhibits we have described. None of the attributes or trappings one would ordinarily associate with legitimate scientific research are visible. The evidence fails to present more than a façade of a legitimate scientific research and experimentation program. More reasonable is the conclusion that the corporation is not a society devoting its property exclusively to scientific research and experimentation but a profit oriented enterprise for the benefit of the corporate president and his family. In short, the defendant tax objector has failed to meet its burden of proof.

■■ Defendant-appellant also asserted that since it was granted an exemption from taxation for the tax year 1968 and there was no change in its circumstances for the year 1969, the ruling of the trial court in the 1968 hearing which granted the exemption is *res judicata* and binding upon the court and parties in the present action. However, this argument is not well taken since it is conceded that defendant failed to file the certificate relating to change of ownership or use of property as required by sec. 19 of the Revenue Act. (Ill. Rev. Stat. 1969, ch. 120, sec. 500.) Under the statute failure to file such a certificate shall constitute cause to terminate the exemption from taxation of the property.

For the foregoing reasons the judgment of the trial court will be affirmed.

Judgment affirmed.

G. MORAN, P. J., and CREBS, J., concur.