*In re* APPLICATION OF COUNTY TREASURER.—(WINNEBAGO COUNTY TREASURER, Applicant-Appellee, *v.* GUILFORD HOPE GRANGE NO. 6, Objector-Appellant.)

Second District   No. 76-414

Opinion filed September 23, 1977.

Stanley Guyer, of Guyer, Enichen & Mayfield, of Rockford, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford, for appellee.

Mr. JUSTICE BOYLE delivered the opinion of the court:

The sole issue presented for review in this appeal is the question of whether or not the property of the Guilford Hope Grange No. 6, objector-appellant, hereinafter referred to as the "objector," was entitled to tax-exempt status as being used exclusively by a society for agricultural purposes under section 19.10 of "An Act * * * in relation to the assessment of property * * *" (Ill. Rev. Stat. 1975, ch. 120, par. 500.10) (hereinafter referred to as the Revenue Act of 1939). We hold the objector was entitled to tax-exempt status as an agricultural society.

The objector is a local chapter of the Patrons of Husbandry, more commonly known as the National Grange. The Grange is an organization concerned with farmers, farm problems and farm life. The objector owns a building in Winnebago County which it uses exclusively for Grange meetings and Grange-sponsored activities, such as informational discussions on fertilizers and herbicides, meetings of both boys' and girls' 4-H Clubs, and meetings of the women's auxiliary.

From time to time the objector serves dinner in its building. It uses the revenues it derives therefrom to pay insurance, utilities, taxes and other operating expenses. No salary is paid to any officer or director of the objector, nor is any money returned to any member of the objector.

The objector paid its 1973 taxes under protest. The complaint for exemption was filed with the Board of Review and denied on November 12, 1974. The objector has appealed.

Article IX, section 6 of the Illinois Constitution of 1970 provides:

"The General Assembly by law may exempt from taxation only the property of the State, units of local government and school districts and property used exclusively for agricultural and horticultural societies, and for school, religious, cemetery and charitable purposes. The General Assembly by law may grant homestead exemptions or rent credits."

To implement the above provision, the legislature has enacted section 19.10 of the Revenue Act of 1939 (Ill. Rev. Stat. 1975, ch. 120, par. 500.10) which provides tax-exempt status for "[a]ll property which may be used exclusively by societies for agricultural, horticultural, mechanical or philosophical purposes, and not for pecuniary profit." In the case at hand, there is no serious dispute that the objector is an agricultural society. Rather, it is Winnebago County's position that in order to qualify for tax-exempt status as an agricultural society, the objector must show that its premises were used exclusively for agricultural or horticultural pursuits *of a charitable nature* and not for pecuniary profit. We cannot agree.

■■ ■ Section 19.10 of the Revenue Act of 1939 places only two

requirements upon a society attempting to obtain tax-exempt status as an agricultural or horticultural society. First, the society must be an agricultural or a horticultural society. In the case at hand, the objector clearly meets this requirement.

■■■ The second requirement is that the society shall not be for "pecuniary profit." The question now becomes what is "pecuniary profit." The Illinois Supreme Court defines "pecuniary profit" in *People ex rel. Hughes v. Universal Service Association* (1937), 365 Ill. 542, 7 N.E.2d 310, to mean profit for stockholders or members. The record clearly reveals that the objector has not been conducted for the profit of any member or stockholder. The fund-raising functions it undertook were merely to raise an amount of funds to meet its necessary operating expenses. We therefore hold that the objector has met its burden and established that it is an agricultural society not for pecuniary profit and is entitled to tax-exempt status under section 19.10 of the Revenue Act of 1939.

■■ Winnebago County asserts that the objector must also establish that the activities it undertakes are of a charitable nature. We disagree. The statute makes no such requirement. It only requires that the property of an agricultural society be used exclusively for agricultural pursuits and not be used for pecuniary profit. Winnebago County's argument is apparently based upon the premise that the phrase "and charitable purposes" contained in article IX, section 6 of the Illinois Constitution of 1970 modifies all the previously listed categories of possible tax-exempt status. We disagree. The words "and charitable purposes" list another category for which tax exempt status may be granted as is evidenced by section 19.7 of the Revenue Act of 1939 (Ill. Rev. Stat. 1975, ch. 120, par. 500.7). The Illinois Supreme Court's holding in *International College of Surgeons v. Brenza* (1956), 8 Ill. 2d 141, 133 N.E.2d 269, also speaks to this question. The International College of Surgeons sought tax-exempt status as a charity under section 19.7 of the Revenue Act of 1939 and as a philosophical society under section 19.10 of the Revenue Act of 1939. The court first held that the International College of Surgeons was not a charity and then went on to deny tax-exempt status under section 19.10 because by granting tax-exempt status to philosophical societies, the legislature had exceeded its constitutional authority. Had a charitable purposes requirement been required by section 19.10 of the Revenue Act of 1939, the supreme court would not have needed to reach the constitutional question. Therefore we may infer that there is no charitable purposes requirement to section 19.10 of the Revenue Act of 1939, but that there are merely the requirements of being a society of a described purpose not run for pecuniary profit.

Furthermore, the categories contained in article IX, section 6 of the Illinois Constitution of 1970 are all categories that the State has a

legitimate interest in protecting and promoting through the granting of tax-exempt status. This is particularly true in the case of agriculture, which has played a preeminent role in the development of this State and which continues to play a vital role in the economic well-being of the State of Illinois. In this light, it is quite understandable why the people of the State of Illinois would empower their State legislature through the State constitution to grant tax-exempt status to societies that promote and perpetuate this vital Illinois industry. Section 19.10 of the Revenue Act of 1939 is consistent with the goal of promoting and perpetuating Illinois agriculture by granting tax-exempt status to the properties of agricultural societies so long as the property is not used for pecuniary profit.

We are aware of *People ex rel. Redfern v. Hopewell Farms* (1972), 9 Ill. App. 3d 16, 291 N.E.2d 288, where the Fifth District said that in order to obtain tax-exempt status as an agricultural society, the society had to demonstrate it was using the property exclusively for agricultural or horticultural pursuits of a *charitable nature* and not for pecuniary profit. We are not bound by that decision and choose not to follow it. Furthermore, while the Fifth District added the words "of a charitable nature" to the requirements of obtaining tax-exempt status as an agricultural society, it denied Hopewell Farms tax-exempt status because from the record it appeared as though Hopewell Farms were run for profit. Obviously, Hopewell Farms did not meet the requirement of section 19.10 of the Revenue Act of 1939 that the agricultural or horticultural society not be run for pecuniary profit.

The judgment of the circuit court of Winnebago County is therefore reversed and the cause is remanded with instructions that the circuit court of Winnebago County grant the objector tax-exempt status.

Judgment reversed. Remanded with directions.

WOODWARD and GUILD, JJ., concur.